UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
MANUEL POLANCO                  :      CRIMINAL NO. 3:02CR274(SRU)
     Petitioner                 :      CIVIL NO.    3:04CV992(SRU)
          v.                    :
                                :
UNITED STATES OF AMERICA        :      November 8, 2004
     Respondent
```

## GOVERNMENT'S REPLY TO DEFENDANT'S TRAVERSE

The United States, by Michael J. Gustafson, Assistant United States Attorney, hereby responds to the traverse pleading filed by Manuel Polanco, wherein he now supplements his papers by arguing that his sentence was wrongfully increased in violation of Blakely v. Washington, 124 S.Ct. 2531(6/24/04), in that facts not proven beyond a reasonable doubt to a jury were used to increase his sentence.  The United States objects to the granting of the motion.

### Blakely Does Not Apply

Citing Blakely v. Washington, 124 S.Ct. 2531 (2004), Polanco contends that the court improperly enhanced his sentence by attributing relevant conduct beyond five grams of cocaine base or "crack" cocaine.  Polanco now argues that the relevant conduct quantity of crack cocaine is an issue that the government must prove beyond a reasonable doubt to a jury.

The Second Circuit's recent decision in United States v. Mincey, 380 F.3d 102 (2d Cir. 2004), is directly on point.  In Mincey, the court decided that it would not apply Blakely to the

federal sentencing guidelines, so that enhancements and departures provided for under the guidelines need not be proven to a jury beyond a reasonable doubt.  Mincey, 380 F.3d at 106. Specifically, the Court stated:

> We therefore reject appellants' arguments that, in this Circuit, the Sixth Amendment now requires every enhancement factor that increases a Guidelines range to be pleaded and proved to a jury beyond a reasonable doubt. Unless and until the Supreme Court rules otherwise, the law in this Circuit remains as stated in Garcia, Thomas, and our other related case law. We conclude that the district court did not err in sentencing defendants in accordance with the Guidelines as previously interpreted by this Court. In so holding, we expect that, until the Supreme Court rules otherwise, the courts of this Circuit will continue fully to apply the Guidelines.

Id.  Polanco' claim, therefore, can be rejected.

The Supreme Court will address the issue squarely when it considers United States v. Booker, No. 04-104, and United States v. Fanfan, No. 04-105, during the October 2004 term.  If these decisions overturn Mincey, and assuming Blakely applies to the Guidelines, Blakely does not apply retroactively.  See, e.g., United States v. Miller, 2004 WL 1795210(W.D. Wis. Aug. 5, 2004); United States v. Lowe, 2004 WL 1803354 (N.D. Ill. Aug. 5, 2004); Garcia v. United States, 2004 WL 1752588 (N.D.N.Y. Aug. 4, 2004); United States v. Stoltz, 2004 WL 1619131 (D. Minn. July 19,

2004); United States v. Traeger, 2004 WL 1609132 (N.D. Ill. July 8, 2004); see also Shriro v. Summerlin, 124 S.Ct. 2519 (2004)(holding that Ring v. Arizona, which extended Apprendi v. New Jersey to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review).

Accordingly, for these reasons, the United States respectfully requests that the court deny the defendant's claims based on Blakely.

## CONCLUSION

For the foregoing reasons the petition ought to be denied without further hearing.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
MICHAEL J. GUSTAFSON
ASSISTANT U.S. ATTORNEY
FED. BAR NO. ct01503
157 CHURCH STREET
New Haven, CT 06510

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this    day of November, 2004, to Manuel Polanco, FCI Fort Dix, New Jersey 08640-0902.

_____
MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY