IN THE UNITED STTES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MANUEL POLANCO,
    Petitioner

v.

UNITED STATES OF AMERICA,
    Respondent

FILED 2004 DEC 17 P 3:06
U.S. DISTRICT COURT
BRIDGEPORT, CONN
03cr274 (SRU)

### BRIEF REPLY TO GOVERNMENT TRAVERSE

The Government is again embarked on a strategy of belittling Blakely v. Washington for its significance toward adjustications that have passed direct review. The Petitioner has created an argument for precisely these circumstances; it is his considered belief that Blakely is fully retroactive to cases on collateral review:

Litigants have missed the true point of Blakely v. Washington because they have approached the decision as one describing a "right of the defendant." When properly analyzed, Blakely is actually reaffirming the duty of an American tribunal of justice that it will only inflict guilt upon an accused to the standard of proof beyond a reasonable doubt of every essential element of the crime to the unanimous belief of a jury.

Under Blakely, the characterization of facts that increase a defendant's criminal penalty is as "the functional equivalent of elements." In R.L.C. v. United States, 503 U.S. 291, 299 [1992], the Supreme Court ruled that the United States Sentencing Guidelines were de facto statutes because the mandate to use the Guide-

lines was both mandatory and statutory. This being so, in the truest sense, the elements added thus far in order to impose sentence enhancements constitute "other crimes" than the crime under indictment. When those facts are recognized as essential elements different consequences attach to the treatment of those facts than apply to "mere evidence." Richardson v. United States, 526 U.S. 813, 817 [1999]. The most important difference is the standard of final belief and the identity of the factfinder.

> "A trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict . . regardless of how overwhelming the evidence may point in that direction."

United States v. Martin Linen Supply Co., 430 U.S. 564, 572-73 [1977].

The error to collateral reviews, and appellate reviews like Mincey, has been to treat this combination of legal factors as an assertion of some right flowing from the defendant. In fact, proof of the elements to the jury is a duty of the tribunal itself in order for the Tribunal to even claim jurisdiction to sentence. It is the seminal pledge to protect this standard that is the innate obligation of a Court. In re Matter of Winship, 397 U.S. 358, 364 [1970]. The obligation and the standard of proof is not the defendant's either to acquiesce or to make!! It is the burden placed on the Government, pursuant to Court acceptance of adequacy, without which no conviction can be constitutionally or jurisdictionally obtained.

The foregoing is the reason why a Court is not permitted to

simply accept a willing defendant's guilty plea. The Court <u>must</u> ascertain for itself that the agreed-upon facts constitute the offense of conviction independent of any willingness of the accused to plead guilty. As a result of being a property of the Tribunal itself, "the prosecution's burden of proof to the jury of every element beyond a reasonable doubt is not lifted by a defendant's tactical decision not to contest an element of the offense." <u>Estelle</u> <u>v</u>. <u>McGuire</u>, 502 U.S. 62, 72 [1991]. A failure of the Tribunal to function as an American Court of Criminal Justice is a structural defect of the highest order. The <u>Winship</u> Doctrine, which "establish[ed] so fundamental a substantive constitutional standard, must also require that the factfinder will rationally apply that standard to the facts in evidence. <u>Jackson</u> <u>v</u>. <u>Virginia</u>, 443 U.S. 307, 317 [1979]. And the denial of the right to a jury verdict or a valid guilty plea to every fact which is transformed into penalty is structural error requiring vacation. Structural error is not even subject to harmless error review on appeal. <u>Sullivan</u> <u>v</u>. <u>Louisiana</u>, 508 U.S. 275, 28283 [1993].

    The Constitutional principles in <u>Blakely</u> <u>v</u>. <u>Washington</u> most certainly apply or this is no longer America.

                                      Respectfully submitted,

*/s/ Manuel Polanco*

Manuel Polanco, <u>Pro Se</u>
F.C.I. Fort Dix, Unit 5711
P.O. Box 2000
Fort Dix, New Jersey 08640-0902

CERTIFICATE OF SERVICE

I hereby certify that I have mailed the foregoing Brief Reply To Government Traverse to:

>Michael J. Gustafson, Esquire, A.U.S.A.
>Office of the United States Attorney
>157 Church Street
>New Haven, Connecticut 06510

on the 8th day of December, 2004, postage prepaid.

*[signature]*
Manuel Polanco

4