UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MANUEL POLANCO,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CRIMINAL NO.<br>3:02cr274 (SRU) |

## ORDER

On three separate occasions in September 2002, Manuel Polanco and Jose Anibal Mendez distributed crack cocaine. On March 17, 2003, Polanco pled guilty to distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Polanco stipulated that he distributed a total of 298 grams of cocaine base. On June 5, 2003, I sentenced Polanco to 87 months in prison. On March 3, 2008, pursuant to 18 U.S.C. § 3582(c)(2), I reduced Polanco's sentence to time served based on a guideline sentencing range that was subsequently lowered and made retroactive pursuant to 28 U.S.C. § 994(u). Effective March 13, 2008, Polanco began serving his 48 months of supervised release.

On June 22, 2004, Polanco filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Polanco appears to raise an ineffective assistance of counsel claim pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, he argues that his attorney failed to challenge the indictment on the grounds that the substance that Polanco distributed, cocaine base or "crack" cocaine, is not defined in 21 U.S.C. § 802(6) Schedule II and is thus not a controlled substance under 21 U.S.C. § 841(a)(1). Although Polanco acknowledges that the Second Circuit in *United States v. Canales*, 91 F.3d 363 (2d Cir. 1996), and *United States v. Sanders*, 237 F.3d 184 (2d Cir. 2001), held that crack is a Schedule II

controlled substance under 21 U.S.C. § 841(a)(1),[1] Polanco argues that *Canales* and *Sanders* are no longer good law in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner's Traverse to the Government's Opposition p. 4. In the alternative, Polanco argues that this court lacks subject matter jurisdiction for the same reasons.

For a petitioner to prove that his counsel was constitutionally ineffective under *Strickland*, he must first show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel's judgments are given great deference under *Strickland*:

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id*. at 689. Second, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In this case, Polanco cannot establish either prong of the *Strickland* analysis, nor can he

---

[1] Although Polanco only cites *United States v. Canales*, 91 F.3d 363 (2d Cir. 1996), for that proposition, the *Canales* holding was actually narrower. *Canales* merely held that cocaine base and crack cocaine actually contain cocaine. In *United States v. Sanders*, 237 F.3d 184 (2d Cir. 2001), the Second Circuit actually held that "[b]ecause cocaine base and crack cocaine are mixtures that contain cocaine and are derived from coca leaves . . . both substances are encompassed by schedule II's definition." *Id*. at 185. Therefore, although Polanco only mentions *Canales*, the substance of his argument implies that he believes the principles that underlie *Sanders* are also no longer good law.

show that this court lacks jurisdiction, for at least two reasons.

First, Polanco's argument that *Canales* and *Sanders* are no longer good law in light of *Apprendi* and *Blakely* is wholly without merit. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. 466 (2000). *Blakely* held that "[t]he relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 542 U.S. at 296. *Canales* and *Sanders*, held that cocaine base and crack cocaine are mixtures that contain cocaine and are thus Schedule II substances under 21 U.S.C. § 802(6). The facts a jury must find for judge to impose a sentence above the statutory maximum are not, in any way, relevant to the legal question of whether crack cocaine is a Schedule II substance. The fact that a defendant sold crack cocaine, as opposed to powder cocaine or some other drug, is not a sentencing factor or enhancement, but instead is the crime with which he was charged.

Second, *Apprendi* and *Blakely* apply to "sentencing enhancements based on facts not admitted by the defendant or found by a jury or waived by the defendant." *United States v. Toro*, 335 F. Supp. 2d 268, 272 (D. Conn. 2004). In this case, when he pled guilty, Polanco admitted to all relevant facts that the court used to determine his sentence. Specifically, his plea agreement contained a stipulation of offense conduct, which provided that: (1) on September 10, 2002, he and Jose Anibal Mendez knowingly and intentionally distributed approximately 38 grams of crack cocaine; (2) on September 11, 2002, he and Mendez distributed approximately 60 grams of crack cocaine; and (3) on September 19, 2002, he and Mendez distributed approximately 200

grams of crack cocaine.  During his plea proceeding, I asked Polanco "the last page, page seven is a stipulation of offense conduct and the word stipulation means agreement, so you are agreeing that what is set forth on page seven actually happened.  Is that correct?  This is what actually happened?" Tr. of March 17, 2003 Change of Plea Proceeding p. 22.  Polanco, through his interpreter, responded "yes." *Id*.  At that point, Polanco conferred with his lawyer.  *Id*.  After their conversation, Polanco's lawyer said, "I just refreshed his memory [of] what's in that stipulation and he said yes." *Id*.  The court later asked, "are you pleading guilty because you are in fact guilty." *Id*. at 23.  Polanco, again through his interpreter, responded, "yes." *Id*.

Moreover, the sentencing did not violate *Apprendi* because Polanco's sentence does not exceed the statutory maximum for the conduct to which he stipulated.  Polanco's sentence, 87 months, is substantially less than the 40-year statutory maximum for 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

Therefore, because *Canales* and *Sanders* are still good law after *Apprendi* and *Blakely*, because Polanco stipulated to all relevant offense conduct that I used to sentence him, and because Polanco's sentence does not exceed the statutory maximum for the conduct to which he stipulated, Polanco's argument is without merit and thus his counsel's failure to raise that argument did not cause Polanco to be deprived of constitutionally effective counsel under *Strickland*.

Accordingly, Polanco's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED. The clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 18th day of April 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge